BOWEN, Judge,
dissenting.
I dissent. The appellant’s trial for burglary was barred by the Double Jeopardy Clause under the test announced in Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990):
“To determine whether a subsequent prosecution is barred by the Double Jeopardy Clause, a court must first apply the traditional Blockburger test. If application of that test reveals that the offenses have identical statutory elements or that one is a lesser included offense of the other, then the inquiry must cease, and the subsequent prosecution is barred. Brown [v. Ohio, 432 U.S. 161, 166, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977)].
[[Image here]]
“[However], a subsequent prosecution must do more than merely survive the Blockburger test. As we suggested in [Illinois v.] Vitale [447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980)], the Double Jeopardy Clause bars any subsequent prosecution in which the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted. This is not an ‘actual evidence’ or ‘same evidence’ test. The critical inquiry is what conduct the State will prove, not the evidence the State will use to prove that conduct.”
Grady v. Corbin, 495 U.S. at 515, 520, 110 S.Ct. at 2090, 2093 (footnotes omitted).
The inquiry mandated by Grady is whether the State, in order “to establish an essential element of an offense charged in [the second] prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.” The majority either misunderstands the inquiry or ignores the obvious answer when it determines that the “conduct sought to be prosecuted for each offense,” is not the same. Majority opinion at 487.
Here, the first prosecution was for criminal mischief — destroying school property. The second prosecution was for burglary— unlawfully entering or remaining with intent to destroy school property. Thus, to establish the intent to destroy school property, an essential element of burglary, the offense charged in the second prosecution, the State proved conduct (destroying the property) which constituted the offense of criminal mischief for which the defendant had already been prosecuted.
The appellant is entitled to have his burglary conviction vacated.